UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 22- | Case: 2:22−cr−20546<br>Assigned To : Goldsmith, Mark A.<br>Referral Judge: Grand, David R.<br>Assign. Date : 10/21/2022<br>Description: INFO USA V. GUNN (KB) |
| v. | HON. | |
| D-1  KEVIN GUNN, | VIOLATIONS: | |
| Defendant. | Conspiracy (18 U.S.C. § 371) | |
| | Theft From a Federally Funded Program (18 U.S.C. § 666(a)(1)(A)) | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

At all times relevant to this Information:

1. The Wayne County Department of Public Services (DPS) was a local government agency operating within the County of Wayne, Michigan, in the Eastern District of Michigan.

1

2.  The DPS received in excess of $10,000 under one or more federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other forms of federal assistance in each one-year period for the years 2019 through 2021.

3.  The DPS oversaw six separate divisions, the largest of which was the Roads Division.

4.  The Roads Division consisted of four separate units: the Bridge Unit, the Traffic and Signal Unit, the Construction Unit, and the Forestry Unit. These departments were responsible for repairing and maintaining county roads.

5.  **KEVIN GUNN** was an agent of the DPS from 1988 through 2022.

6.  From 2010 through 2022, **KEVIN GUNN** was a manager within the Bridge Unit.

7.  John Gibson was a foreman within the Bridge Unit and reported directly to **KEVIN GUNN**.

## COUNT ONE

*(Conspiracy to Commit Theft From a Federally Funded Program – Title 18, United States Code, Sections 371 and 666(a)(1)(A))*

## GENERAL ALLEGATIONS

8. Paragraphs 1 through 7 of the Introduction to this Information are hereby incorporated in this Count.

## THE CONSPIRACY

9. From in or about January 2019, through in or about August 2021, in the Eastern District of Michigan, Southern Division, and elsewhere, defendant **KEVIN GUNN** did unlawfully conspire, confederate, and agree with John Gibson and others to commit an offense against the United States: theft from a federally funded program in violation of Title 18, United States Code, Section 666(a)(1)(A).

## MANNER AND MEANS

The members of the conspiracy sought to effect its objects through the following manner and means:

10. **KEVIN GUNN**, John Gibson, and others engaged in a scheme to defraud Wayne County by using taxpayer dollars to make unauthorized purchases of generators and other power equipment from retailers in southeast Michigan.

3

11. As part of the scheme to defraud, **KEVIN GUNN** solicited approved Wayne County vendors (Vendors) to purchase generators and other power equipment from local retailers (Suppliers) on behalf of Wayne County. The vendors submitted invoices for these items for payment by Wayne County.

12. In order to conceal the scheme to defraud, **KEVIN GUNN** instructed the vendors to falsify the invoices they submitted to the Roads Division by listing items the vendors were authorized to sell to the county under their contracts, rather than the generators and power equipment they were unlawfully acquiring at **KEVIN GUNN's** request.

13. Roads Division employees then approved and paid each vendor's invoice with taxpayer funds.

14. **KEVIN GUNN,** John Gibson, and others, with knowledge that the generators and other power equipment were fraudulently acquired with Wayne County funds, took possession of these items from the power equipment retailers.

15. John Gibson and others paid **KEVIN GUNN** for the generators and other power equipment **KEVIN GUNN** fraudulently acquired on behalf of Wayne County.

16. Rather than use these items purchased with Wayne County funds in his

capacity as a foreman in the Bridge Unit, John Gibson and others instead sold the generators and power equipment for personal profit.

17. Between on or about January 16, 2019, and on or about August 3, 2021, using taxpayer funds, Wayne County vendors purchased 596 generators, and a variety of other power equipment valued at over $1.7 million. That equipment was never supplied to or used by any department within Wayne County.

## **OVERT ACTS**

In furtherance of the unlawful conspiracy, and to effect its objectives, members of the conspiracy committed the following overt acts, among others:

18. On or about May 3, 2021, at the request of John Gibson, **KEVIN GUNN** contacted Supplier B and purchased a Graco Airless Line Striper with Wayne County funds. The invoice accompanying the line striper indicated that its cost—$6,813.60—would be billed to the Wayne County Bridge Department.

19. On or about May 13, 2021, John Gibson took possession of the line striper from Supplier B, and paid **KEVIN GUNN** a sum of cash for the item.

20. On or about May 29, 2021, J.C. drove to John Gibson's residence in Detroit to purchase the Graco line striper from John Gibson for $3,200.

21. On or about June 15, 2021, at the request of John Gibson, **KEVIN GUNN** contacted Vendor A and asked Vendor A to purchase ten Honda generators—five 7000-watt generators, and five 2200-watt generators—from Supplier A. Vendor A purchased each 7000-watt generator for $4,100, and each 2200-watt generator for $1,000. In total, Vendor A paid Supplier A $25,500 for the ten generators. Vendor A invoiced Wayne County $6,150 for each 7000-watt generator, and $1,600 for each of the 2200-watt generators. In total, Wayne County paid $38,750 for the cost of the ten generators which were neither delivered to nor used by the Roads Division.

22. On or about June 16, 2021, when he was being paid by Wayne County to conduct Bridge Unit work, John Gibson traveled to Supplier A in his work-issued Roads Division truck and placed the ten generators into the bed of the truck.

23. On or about June 16, 2021, John Gibson paid **KEVIN GUNN** a sum of cash for the ten generators purchased from Supplier A with Wayne County funds.

24. On or about June 16, 2021, John Gibson drove the Roads Division truck containing the ten generators to a private residence and unloaded the items into a large metal shipping container in the rear of the residence.

25. On or about June 30, 2021, **KEVIN GUNN** arranged for Vendor A to purchase eight Honda generators—four 7000-watt generators, and four 2200-watt generators—from Supplier A. Vendor A purchased each 7000-watt generator for $4,100, and each 2200-watt generator for $1,000. In total, Vendor A paid Supplier A $20,400 for the eight generators. Vendor A invoiced Wayne County $6,150 for each 7000-watt generator, and $1,600 for each 2200-watt generator. In total, Wayne County paid $31,000 for the cost of the eight generators which were neither delivered to nor used by the Roads Division.

26. On or about June 30, 2021, John Gibson paid **KEVIN GUNN** a sum of cash for the eight generators purchased from Supplier A with Wayne County funds.

27. On or about June 30, 2021, when he was being paid by Wayne County to conduct Bridge Unit work, John Gibson traveled to Supplier A in his work-issued Roads Division truck, signed for, and took possession of the eight generators.

28. On or about June 30, 2021, John Gibson traveled to the rear of Supplier A and, after examining the invoice accompanying the generators, sold three of

the 7000-watt generators to K.D. for $3,700 each, for a total of $11,100 in cash.

29. On or about June 30, 2021, John Gibson traveled to a private residence where he unloaded the remaining five generators from his Wayne County Roads Division truck into a large metal shipping container in the rear of the residence.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

*(Theft From a Federally Funded Program –  
Title 18, United States Code, Section 666(a)(1)(A))*

On or about June 15, 2021, in the Eastern District of Michigan, Southern Division, and elsewhere, defendant **KEVIN GUNN**, being an agent and an officer of the DPS, an agency of Wayne County, Michigan, which received benefits in excess of $10,000 during 2021, under one or more federal programs involving a grant, contract, subsidiary, or other form of federal assistance, embezzled, stole, obtained by fraud, and without authority knowingly converted to his own use money

and property in excess of $5,000, which was under the care, custody and control of the DPS.

All in violation of Title 18, United States Code, Section 666(a)(1)(A).

## CRIMINAL FORFEITURE

(18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(1))

1.　The above allegations contained in this Information are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1).

2.　As a result of the violation, as set forth in Counts One and Two (18 U.S.C. §§ 371, 666(a)(1)(A)) of this Information, defendant **KEVIN GUNN** shall forfeit to the United States any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation, pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c) and any property, real or personal, involved in such violation, pursuant to 18 U.S.C. § 982(a)(1).

3. **Money Judgment**: Such property includes, but is not limited to, a forfeiture money judgment in an amount of at least $1,700,000, representing the total amount of gross proceeds obtained by **KEVIN GUNN** as a result of the violations as set forth in Counts One and Two (18 U.S.C. §§ 371, 666(a)(1)(A)) of this Information, entered against defendant **KEVIN GUNN**, in favor of the United States.

4. **Substitute Assets**: If the property described above as being subject to forfeiture, as a result of any act or omission of defendant **KEVIN GUNN**:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek to forfeit any other property of defendant **KEVIN GUNN**, up to the value of the forfeitable property described above, as a substitute asset.

DAWN N. ISON
United States Attorney


*s/David A. Gardey*
DAVID A. GARDEY
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Unit
211 West Fort Street; Suite 2001
Detroit, MI. 48226
313.226.9591
David.Gardey@usdoj.gov


*s/Eaton P. Brown*
EATON P. BROWN
Assistant United States Attorney
Public Corruption & Civil Rights Unit
211 West Fort Street; Suite 2001
Detroit, MI. 48226
313.226.9184
Eaton.Brown@usdoj.gov


Dated: October 20, 2022

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:** *s/epb* |

**Case Title:** USA v. Kevin Gunn

**County where offense occurred:** Wayne

**Check One:**   ☒ Felony    ☐ Misdemeanor    ☐ Petty

___Indictment/___Information --- **no** prior complaint.
___Indictment/_✓_Information --- based upon prior complaint [**Case number:** 22−mj−30204 ]
___Indictment/___Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

October 20, 2022        *s/Eaton P. Brown*
Date                             Eaton P. Brown
                                     Assistant United States Attorney
                                     211 W. Fort Street, Suite 2001
                                     Detroit, MI  48226-3277
                                     Phone: 313-226-9184
                                     E-Mail address: Eaton.Brown@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.